Trinity Securities Company, Inc. v. Commissioner.
Trinity Secs. Co. v. Commissioner
Docket No. 24803.
United States Tax Court
1950 Tax Ct. Memo LEXIS 40; 9 T.C.M. (CCH) 1018; T.C.M. (RIA) 50272; November 17, 1950
*40 Martin M. Lore, Esq., for the petitioner. Francis X. Gallagher, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined deficiencies in income and excess profits taxes for the fiscal years ended November 30, as follows: Excess profits
Year
Income tax
tax
1943
$1,787.66
$47,720.14
1944
8,660.76
42,812.36
1945
7,079.01
4,664.29
The only issue for decision is whether the Commissioner erred in taxing as gain to the petitioner the appreciation in the value of shares of stock distributed by the petitioner to its stockholders as dividends in kind. There is no dispute as to the facts, most of which have been stipulated. [The Facts] The petitioner, a corporation, filed its returns for the fiscal year ended November 30, 1943 with the collector of internal revenue for the first district of New Jersey and its returns for the next two fiscal years with the collector of internal revenue for the fifth district of New Jersey. The directors of the petitioner, on November 15, 1943, declared a dividend of one and one-half shares of Thermoid Company common stock as a dividend on each share of its *41 stock. It distributed 7,943 shares of Thermoid stock on November 18, 1943 pursuant to that declaration. The Board of Directors of the petitioner, on November 20, 1944, declared a dividend of two shares of Thermoid stock as a dividend on each share of its stock. It distributed 9,994 shares of Thermoid stock on November 29, 1944 pursuant to that declaration. The Board of Directors of the petitioner, on November 27, 1945, declared a dividend of one share of Brager-Eisenberg, Inc. stock, on each four shares of its stock. It distributed 1,223 shares of Brager-Eisenberg stock on November 30, 1945 pursuant to that declaration. The stockholders of the petitioner did not pay the petitioner anything in connection with the above distributions and, after receiving the shares, held them for a substantial period of time. [Opinion] The Commissioner, in determining the deficiencies, held that the petitioner, in the case of each distribution, realized a profit equal to the excess of the fair market value of the securities at the time of their distribution over their cost to the petitioner. The Commissioner has filed no brief. It is now well settled that a corporation, distributing a *42 dividend in kind under the circumstances present in this case, realizes no taxable gain from the distribution. See ; . Decision will be entered under Rule 50.